**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 24, 2010[*]
Decided March 25, 2010

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 09-2580

| | |
|---|---|
| WILLIAM P. LACEY, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 08-cv-483-JPG |
| UNITED STATES OF AMERICA, et al., *Defendants-Appellees.* | J. Phil Gilbert, *Judge.* |

**O R D E R**

In this lawsuit under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), inmate William Lacey claims that he was denied adequate medical care while confined at the United States Penitentiary in Marion, Illinois. The district court screened the complaint under 28 U.S.C. § 1915A and dismissed it for failure to state a claim.

---

[*] The appellees were not served with process in the district court and are not participating in this appeal. After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

For purposes here we accept as true the facts alleged by Lacey.  *See Ortiz v. Downey*, 561 F.3d 664, 666 n.2 (7th Cir. 2009).  Before Lacey entered Marion, he was in a car accident and also suffered a stroke, which together impaired the functioning of his left extremities. Lacey had been prescribed a motorized wheelchair, paid for by Medicaid, but he was not permitted to use it at Marion.  Alternative accommodations for his disability were not provided, Lacey continues, and he repeatedly fell and injured himself while trying to walk. At the same time, Lacey adds, he was denied adult diapers to mitigate the effects of a bladder condition.

The district court construed Lacey's complaint as raising a claim under the Eighth Amendment for deliberate indifference to serious medical needs.  The court reasoned, however, that Lacey had not connected any named defendant to the denial of his wheelchair, and thus failed to state a claim concerning the prison's response to his difficulty ambulating.  And while the complaint does attribute the denial of adult diapers to one of the defendants, a prison doctor, the court reasoned that Lacey's allegations establish a simple disagreement with the doctor about how best to respond to his bladder condition.

On appeal, instead of challenging the district court's reasoning, Lacey redefines his legal theory and analogizes his case to a successful lawsuit filed against the Bureau of Prisons in Texas under the Federal Torts Claims Act.  *See Muhammed v. United States*, 6 F. Supp. 2d 582 (N.D. Tex. 1998).  But despite including the United States in the caption of his complaint, Lacey did not sue under the FTCA, and he has failed to articulate any other basis for disturbing the district court's judgment.  Accordingly, the judgment is affirmed. S*ee Haxhiu v. Mukasey*, 519 F.3d 685, 691 (7th Cir. 2008); *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001).